UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA WEISSINGER and
DOUGLAS WEISSINGER,

                            Plaintiffs,

v.                                          Civil Action No. _____

IMPERIAL RECOVERY PARTNERS, LLC,

                            Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiffs, Cynthia Weissinger, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiffs, Douglas Weissinger, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Imperial Recovery Partners, LLC, (hereinafter "Imperial") is a foreign limited liability company organized and existing under the laws of the State of Kansas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiff, Douglas Weissinger, allegedly incurred a debt to Bank of America. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter allegedly defaulted on the subject debt.

13. That upon information and belief Defendant was employed by Bank of America to collect on the subject debt.

14. That in or about November of 2010, Defendant began calling Plaintiff, Cynthia Weissinger, multiple times per week in an attempt to collect on the subject debt. Defendant also began leaving multiple messages for Plaintiff Cynthia Weissinger to return Defendant's telephone call. That in said messages Defendant also fails to disclose the name of the company as well as failed to provide the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

15. Plaintiff Cynthia Weissinger answered or returned many of said calls. On each occasion, Plaintiff asked Defendant to stop calling her and informed Defendant that it was not her debt.

16. That during one of the afore-mentioned conversations, Plaintiff Cynthia Weissinger was asked by the Defendant to give a message to Plaintiff Douglas Weissinger that Defendant was trying to reach him regarding payment of the alleged debt.

17. That Defendant stated in voice mails and in conversations to Plaintiffs that they were the "claim enforcement office" and they were calling "to enforce an action to be taken against you [Douglas Weissinger]".

18. That Plaintiff Douglas Weissinger understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff, Douglas Weissinger, or his property unless he submitted to

2

Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant.

19. That Defendant never mailed Plaintiff Douglas Weissinger a 30-day validation notice within five days of the initial communications to Plaintiff.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692c(a)(1) by calling Plaintiff, Cynthia Weissinger, despite her numerous requests that they stop calling her.

    B. Defendant violated 15 U.S.C. §1692c(b) and 15 U.S.C. §1692b(2) by disclosing Plaintiff Douglas Weissinger's alleged debt to Plaintiff Cynthia Weissinger.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by stating in multiple messages to Plaintiff that they were the "claim enforcement office" and they were calling "to enforce an action to be taken against you". That Plaintiffs understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. Said action by Defendant is a false, misleading, and deceptive statement in connection with debt collection when Defendant does not have the intent or legal authority to take said action.

    D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiff.

    E. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    F. Defendant violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of Defendant's identity and by failing to disclose they were a debt collector.

    G. Defendant violated 15 U.S.C. §1692g by failing to mail Plaintiffs a 30-day validation notice within five days of the initial communications to Plaintiff.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 18, 2011

/s/ Seth J. Andrews\
Kenneth R. Hiller, Esq.\
Seth J. Andrews, Esq.\
Law Offices of Kenneth Hiller\
*Attorneys for the Plaintiffs*\
6000 North Bailey Ave., Suite 1A\
Amherst, NY 14226\
(716) 564-3288\
Email: khiller@kennethhiller.com\
       sandrews@kennethhiller.com